UNITED STATES DISTRICT COURT
DISTRICT OF OREGON –
PORTLAND DIVISION

STIPULATED PROTECTIVE ORDER WITH "ATTORNEYS' EYES ONLY" DESIGNATION

JANE DOE,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES et. al

Defendant.

Case No. 3:26.CV-390.SB

**STIPULATED PROTECTIVE ORDER WITH AEO DESIGNATION**

Plaintiff Jane Doe and Defendant United States Department of Health and Human Services ("HHS"), by and through their undersigned counsel or representatives, hereby stipulate and jointly request that the Court enter the following Protective Order pursuant to Fed. R. Civ. P. 26(c):

1. PURPOSE AND LIMITATIONS

Discovery in this action may involve the production of confidential, sensitive, or legally protected information, including personal identifiers, protected health information (PHI), federal agency records, personnel materials, and other information not appropriate for public disclosure.

This Order establishes two tiers of protection:

1. CONFIDENTIAL

2. ATTORNEYS' EYES ONLY ("AEO")

Nothing in this Order limits the Court's authority to modify or enforce confidentiality protections.

2. DEFINITIONS

2.1 "Confidential Material"

Information designated CONFIDENTIAL that includes:

- Personal identifying information (PII)
- Protected health information (PHI)
- Personnel or employment records
- Sensitive agency materials
- Information protected by statute, regulation, or privilege
- Any material a party reasonably and in good faith believes requires protection

2.2 "Attorneys' Eyes Only" (AEO) Material

A subset of Confidential Material that is so sensitive that disclosure to the opposing party—even under a standard confidentiality designation proposes a substantial risk of:

- Compromising federal agency security or internal processes
- Disclosing privileged or deliberative information
- Exposing third-party identities or protected information

- Causing harm that cannot be mitigated by a standard confidentiality designation

AEO Material may include:

- Sensitive internal agency communications
- Non-public investigative or enforcement materials
- Privileged or quasi-privileged documents produced for inspection only
- Documents containing third-party PHI or PII that cannot be redacted
- Any material the producing party reasonably believes requires the highest level of protection

## 3. DESIGNATION OF MATERIAL

### 3.1 Method of Designation

A producing party may designate material as:

- CONFIDENTIAL
- ATTORNEYS' EYES ONLY

by marking each page or file accordingly, or by stating the designation on the record during testimony.

### 3.2 Inadvertent Failure to Designate

Inadvertent failure to designate does not waive protection. The producing party may correct the designation upon notice.

## 4. PERMITTED USES OF PROTECTED MATERIAL

Protected Material may be used solely for purposes of this litigation, including motions, hearings, settlement discussions, and trial preparation.

Protected Material may not be used for:

- Business purposes
- Personal purposes
- Public dissemination
- Any non-litigation purpose

5. ACCESS TO CONFIDENTIAL MATERIAL

Confidential Material may be disclosed to:

1. The Court and its personnel

2. Counsel of record and their staff

3. The parties (subject to redaction where necessary)

4. Experts or consultants retained for this case

5. Court reporters, videographers, and litigation support personnel

6. Witnesses or deponents as reasonably necessary

7. Any other person only with written consent of the producing party or Court order

6. ACCESS TO AEO MATERIAL

AEO Material may be disclosed only to:

1. The Court and its personnel

2. Counsel of record for the receiving party

3. Paralegals, legal assistants, and staff working under counsel's direct supervision

4. Experts or consultants retained for this case who have signed an AEO acknowledgment

5. Court reporters, videographers, or litigation support personnel as necessary

AEO Material may NOT be disclosed to:

- The Plaintiff
- Any party representative not employed as counsel
- Any witness except during deposition and only with producing party consent
- Any third party not expressly authorized above

7. FILING UNDER SEAL

Any party seeking to file Protected Material must comply with:

- Local Rule 26-4
- Local Rule 5-2

The Court retains discretion regarding sealing.

8. CHALLENGING DESIGNATIONS

A party may challenge any designation at any time. The parties must confer in good faith before seeking Court intervention. The producing party bears the burden of justifying the designation.

9. RETURN OR DESTRUCTION OF MATERIAL

Within 60 days after final disposition of this action, each party must:

- Return all Protected Material to the producing party, or
- Destroy it and certify destruction in writing

Counsel may retain archival copies of pleadings, motions, and attorney work product.

## 10. NO WAIVER OF PRIVILEGE

Nothing in this Order waives any applicable privilege or protection. Inadvertent production of privileged material shall be handled in accordance with Fed. R. Evid. 502.

## 11. SURVIVAL

This Order survives the termination of the litigation.

IT IS SO STIPULATED.

DATED: _____

For Plaintiff Jane Doe:

Dr. Maketa Jolly

Attorney for Plaintiff / Pro Se

For Defendant HHS:

Assistant U.S. Attorney

Attorney for Defendant

## [PROPOSED] ORDER

The Court, having reviewed the parties' Stipulated Protective Order with AEO designation and finding good cause, hereby ORDERS that the Stipulation is APPROVED and entered as an Order of the Court.

DATED: _____


United States District Judge

District of Oregon