FILED 27 FEB '26 10:59 USDC-ORP

**MOTION FOR PRELIMINARY INJUNCTION**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PORTLAND, OREGON

Jane Doe,

Plaintiff,

v.

U.S. Department of Health and Human Services

National Practitioner Data Bank

State of New Jersey:

New Jersey Board of Nursing

Pennsylvania Board of Nursing

JOHN DOES 1-10,

Defendants.

Case No. 3:26CV-390-SB

**MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Dr. Maketa Jolly, appearing pro se, respectfully moves this Court for a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(a). In support of this motion, Plaintiff states as follows:

## I. INTRODUCTION

This case arises from the creation, adoption, and nationwide dissemination of a fabricated New Jersey licensure adjudication concerning a license Plaintiff never held. The false adjudication—created by a subcontracted law firm, unsupported by any state record, and later adopted by the National Practitioner Data Bank ("NPDB")—continues to destroy Plaintiff's professional reputation, employment prospects, and ability to practice nursing.

Immediate injunctive relief is necessary to prevent ongoing irreparable harm while this action proceeds.

## II. LEGAL STANDARD

A preliminary injunction is warranted when the movant demonstrates:

1. A likelihood of success on the merits;

2. Irreparable harm absent injunctive relief;

3. The balance of equities favors the movant; and

4. An injunction serves the public interest.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

Plaintiff satisfies all four factors.

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits

Plaintiff's claims rest on undisputed facts:

1. Plaintiff never applied for or held a New Jersey LPN license.
2. New Jersey has admitted it possesses no application, no license, no investigative file, and no administrative record supporting the alleged May 14, 2020, adjudication.
3. The adjudication was fabricated by a private law firm and inserted into the State's system.

43

1. The NPDB accepted and disseminated the fabricated adjudication in violation of the Privacy Act and Federal Administrative Procedure Act (APA).
2. Pennsylvania relied on the fabricated adjudication to impose derivative sanctions without due process.

These facts establish strong likelihood of success on Plaintiff's Privacy Act, APA, due-process, and civil-rights claims.

B. Plaintiff Will Suffer Irreparable Harm Without Injunctive Relief

Plaintiff continues to suffer:

- Loss of employment opportunities.
- Inability to obtain licensure in other states.
- Ongoing reputational damage.
- Barriers to professional reinstatement.
- Emotional and economic harm that cannot be remedied by money alone.

Courts routinely hold that professional licensure injuries and reputational damage from false government records constitute irreparable harm.

Every day the fabricated adjudication remains in state systems and the NPDB, the harm deepens.

C. The Balance of Equities Strongly Favors Plaintiff

Defendants suffer no harm from being required to:

1. Remove a fabricated adjudication,
2. Halt dissemination of false information, and
3. Refrain from relying on unconstitutional or nonexistent state actions.

Plaintiff, by contrast, faces ongoing destruction of her career.

D. Injunctive relief is backed by considerations of public interest.

44

The public has a compelling interest in:

- Accurate government records,
- Constitutional due process,
- Integrity of state and federal licensure systems, and
- Preventing misuse of the NPDB.

An injunction promotes these interests.

## IV. REQUESTED RELIEF

Plaintiff respectfully requests that the Court issue a Preliminary Injunction ordering:

1. The NPDB is requested to promptly suspend, block, or remove the fabricated May 14, 2020, New Jersey adjudication from the Plaintiff's NPDB record until the final resolution of this case. The NPDB will remove, block, suspend, or expunge any state-fabricated adjudication reports resulting from the New Jersey May 14, 2020, adjudication report, as well as any reports associated with the Pennsylvania Board of Nursing dated around April 2023. These reports appear to be reliant upon fabricated and false evidentiary materials it alleges to have received from the New Jersey Board of Nursing.

2. The State of New Jersey and the New Jersey Board of Nursing to cease dissemination of the fabricated adjudication and to remove it from all state systems pending final resolution.

3. The Pennsylvania State Board of Nursing to suspend all adverse actions taken against Plaintiff that rely on or reference the fabricated adjudication.

4. All Defendants to refrain from creating, maintaining, relying upon, or disseminating any records derived from the fabricated adjudication during the pendency of this action.

5. Any other interim relief the Court deems just and proper.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant this Motion for Preliminary Injunction.

Respectfully submitted,

*[signature]*

Dr. Maketa S. Jolly

Plaintiff, Pro Se

mjolly@jollyeducationconsultant.com

address provided under seal

484-442-0104

Date: _____