IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAKETA S. JOLLY,

                    Plaintiff,

        v.

COMMONWEALTH OF PENNSYLVANIA *et al.*,

                    Defendants.

Case No. 3:26-cv-00390-SB

**OPINION AND ORDER**

---

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Maketa Jolly ("Plaintiff") mistakenly filed this action in the wrong district.

Accordingly, the Court directs the Clerk of Court to transfer this action to the United States

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a).[1]

---

[1] Given that a "transfer venue under 28 U.S.C. § 1406(a) or § 1404(a) is not dispositive of all federal proceedings and instead specifically enables a plaintiff to continue the suit in another federal district, [a magistrate judge] has authority pursuant to 28 U.S.C. § 636(b)(1)(A) to issue a transfer order, rather than a report and recommendation, even without consent to magistrate jurisdiction from both parties." *Hudson v. Diversified Consultants, Inc.*, No. 6:16-cv-01252-TC, 2016 WL 6434971, at *1 n.1 (D. Or. Oct. 25, 2016); *Rodriguez v. Edmund D. Edelman Child. Ct. of Cal.*, No. 2:21-cv-0066, 2021 WL 1426800, at *1 n.2 (E.D. Cal. Apr. 15, 2021) (same and citing *Hudson*).

Plaintiff identifies herself as a nurse licensed and "residing in the Commonwealth of Pennsylvania." (Compl. at 4, ECF No. 3.) Plaintiff suggests that venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1392(b)(2) and (e)(1), because (1) she "resides in Pennsylvania," (2) she holds "Pennsylvania licenses," (3) she sues, among others, Pennsylvania's Board of Nursing, and (4) a "substantial part of the events or omissions giving rise to the claims occurred" in Pennsylvania, including "professional, personal, reputational, and economic harms" that Plaintiff experienced as a result of "Defendants' conduct within [Pennsylvania]," i.e., "dissemination and reliance upon the [underlying] fabricated [national practitioner data bank] report," which the New Jersey Board of Nursing's "law firm" "generated" regarding Plaintiff's purported violations of the New Jersey Nurse Practice Act. (*Id.* at 1-5; *see also* ECF No. 3-2 at 1-4, seeking to effect service under Federal Rule of Civil Procedure 4(i) on David Metcalf, who is the U.S. Attorney for the Eastern District of Pennsylvania).

"When a case is filed in the wrong district, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Rodriquez*, 2021 WL 1426800, at *2 (quoting 28 U.S.C. § 1406(a)). It is clear that Plaintiff mistakenly filed this lawsuit in the wrong district. Rather than dismissing Plaintiff's lawsuit, the Court finds that the "interest of justice" support transferring this action to the Eastern District of Pennsylvania, which is "a more appropriate venue because the pertinent events and omissions took place within that forum." *Id.* (making a similar finding).

The transferee court will evaluate Plaintiff's pending application to proceed in forma pauperis. *See* Transfer Order at 4, *Russ v. Nike, Inc.*, No. 1:25-cv-3328-LTS (S.D.N.Y. May 14, 2025), ECF No. 5 ("Whether Plaintiff should be permitted to proceed further without prepayment

of fees is a determination to be made by the transferee court."). This Court shall not issue a summons, and this order closes this case in this district. *Id.* (same).

Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that "any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal." *Id.* (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

Accordingly, IT IS HEREBY ORDERED that:

1.      This action is TRANSFERRED to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a);

2.      Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the Eastern District of Pennsylvania (any further filings in the District of Oregon related to this case will be disregarded); and

3.      The Clerk of Court is directed to CLOSE this case upon effecting the transfer.

**IT IS SO ORDERED.**

DATED this 2nd day of March, 2026.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge