## UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

**Jolly**, Plaintiff,
v. **Robert F. Kennedy HHS, National Practitioner Databank**, Defendant.
Case No. 3:26-cv-00390-SB

## PLAINTIFF'S MOTION FOR JUDICIAL REVIEW AND RECONSIDERATION OF ORDER TRANSFERRING CASE TO THE EASTERN DISTRICT OF PENNSYLVANIA

### INTRODUCTION

Plaintiff respectfully moves this Court to review and reconsider its Opinion and Order transferring this action to the Eastern District of Pennsylvania. The transfer order overlooks controlling statutory requirements under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–706, and the Privacy Act/system-of-records provisions, 5 U.S.C. § 552a, which impose non-discretionary duties on federal courts to review agency action when a plaintiff alleges that a federal system of records contains inaccurate, incomplete, or fraudulent information that has caused legal harm.

Because the core issues in this case concern federal agency recordkeeping, federal administrative law, and nationwide statutory duties, venue is proper in the District of Oregon under 5 U.S.C. § 703, 28 U.S.C. § 1391(e), and longstanding precedent requiring judicial review where the plaintiff resides and where the effects of the agency action are felt are nationwide.

Transfer therefore constitutes clear error and results in manifest injustice.

## LEGAL STANDARD FOR RECONSIDERATION

A district court may reconsider an interlocutory order where necessary to correct clear error, prevent manifest injustice, or address overlooked controlling law. See *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Transfer orders are reviewable when they rest on a misapplication of venue statutes or disregard mandatory federal-question jurisdiction principles.

## Summary Argument:
### Federal Courts Must Review Claims of Compromised or Inaccurate Federal Records Regardless of Venue

The transfer order should be vacated because federal courts have a non-discretionary obligation to review allegations that federal systems of records contain inaccurate, misleading, or compromised information. This duty arises under the Administrative Procedure Act (APA) and the Privacy Act, and it is not dependent on where the events occurred or where the records are physically stored.

## Duty to Review Privacy Act Record-Accuracy Violations Is Triggered by the Allegation Itself

Federal courts have a mandatory obligation to review claims that federal systems of records contain inaccurate, misleading, or improperly maintained information. This duty arises directly from the Privacy Act's statutory requirements and is not dependent on geography, venue, or the physical location of the

records. The allegation of inaccuracy alone is sufficient to trigger judicial review.

**Core Legal Principles**

- The Privacy Act requires federal agencies to maintain records with accuracy, relevance, timeliness, and completeness to ensure fairness in determinations about individuals.
- When a plaintiff alleges that federal records are inaccurate, compromised, or systemically flawed, courts must evaluate whether the agency violated these statutory duties.
- This obligation applies even when the alleged inaccuracies arise from nationwide or system-wide failures, not localized events.

**The Magistrate Judge Improperly Recast a Federal Records-Accuracy Claim into a State-Bound Dispute**

The core defect in the transfer order is that Magistrate Judge Stacie Beckerman transformed a federal statutory claim—challenging the accuracy, integrity, and legality of the federal systems of records—into a state-based dispute involving the Commonwealth of Pennsylvania is deeply problematic. This reframing is legally erroneous because the complaint asserts exclusively federal causes of action, governed by the Privacy Act, the Administrative Procedure Act (APA), and federal constitutional due-process principles. No state-law claim exists, and no state defendant is implicated.

**Federal Courts Cannot Recharacterize a Federal Claim into a State Claim to Justify Transfer.**

A court may not "recast" or "reframe" a plaintiff's federal cause of action into a different legal theory to alter jurisdiction or venue. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) — the plaintiff is "master of the complaint," and courts cannot rewrite claims to fit a different jurisdictional theory. *Healy v. Ratta*, 292 U.S. 263, 270 (1934) — courts may not "distort" the nature of a claim to defeat federal jurisdiction. *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 282 (1918) — jurisdiction must be determined from the complaint as filed, not as reinterpreted by the court.

By converting a federal records-accuracy challenge into a state-based matter involving Pennsylvania, the magistrate judge exceeded judicial authority and disregarded the actual pleadings.

The complaint concerns federal databases, federal recordkeeping practices, and federal statutory duties. These claims arise under:

- The Privacy Act, 5 U.S.C. § 552a;
- The Administrative Procedure Act, 5 U.S.C. §§ 701–706;
- Federal due-process protections.

- None of these statutes involve state actors or state governments. *Doe v. Chao*, 540 U.S. 614, 618 (2004) — Privacy Act claims concern federal agencies only.

- *Gowan v. U.S. Dep't of the Air Force*, 148 F.3d 1182, 1187–88 (10th Cir. 1998) — courts must review federal record inaccuracies.

- *Krieger v. U.S. Dep't of Justice*, 529 F. Supp. 2d 29, 38 (D.D.C. 2008) — systemic inaccuracies in federal records require federal judicial review.

There is no legal basis to substitute the Commonwealth of Pennsylvania as a relevant party or to treat the matter as a state-bound dispute.

Claims involving compromised, inaccurate, or fraudulent federal records are not tied to any particular geographic location because they challenge the integrity of federal systems that operate on a nationwide basis. Federal courts have consistently held that the physical location of servers, agency offices, or personnel does not determine jurisdiction or venue when the underlying dispute concerns federal databases or federal recordkeeping obligations.

In *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009), the court made clear that the location of federal records is irrelevant when those records are electronic and accessible from anywhere in the country. Likewise, *Simpkins v. District of Columbia Government*, 108 F.3d 366, 371 (D.C. Cir. 1997), held that venue cannot be based on the physical location of government files, because federal recordkeeping is not a localized activity. By reframing the case as a Pennsylvania-based matter, the magistrate judge disregarded the national and federal character of the claims and improperly treated a challenge to federal systems of records as though it were a state-bound dispute, which it is not.

### FEDERAL SYSTEMS OF RECORDS CHALLENGED

The transfer order improperly reframed a federal question into a state-based dispute, and that reframing has the effect of concealing or eliminating the federal

issues actually presented in the complaint. By treating the matter as if it belonged in Pennsylvania and as if state entities were the relevant actors, the order removes the federal statutory claims from judicial consideration, obscures the alleged violations committed by federal agencies, prevents adjudication of the Privacy Act and APA causes of action, and mischaracterizes both the defendants and the relief sought.

This is impermissible because federal courts have a *"virtually unflagging obligation"* to exercise jurisdiction over properly presented federal claims, as recognized in *Verizon Maryland Inc. v. PSC*, 535 U.S. 635, 642 (2002). They may not abdicate that responsibility except in the most exceptional circumstances, a principle reaffirmed in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). No such exceptional circumstances exist here, and the reframing of the complaint into a state-bound dispute cannot justify avoiding or transferring away from the federal questions that the complaint squarely raises.

## Disinformation: Federal Systems of Records

The complaint does not support the magistrate judge's transformation of a federal records-accuracy challenge into a state-based dispute. Although Pennsylvania and New Jersey officials were mentioned as the sources of disinformation that ultimately entered the federal repository, their role was limited to that of upstream data providers. The legal duty at issue belongs to the federal government, which is responsible for ensuring that information submitted by state actors is accurate before it is incorporated into a federal system of

records. Federal law—not state law—governs the maintenance, accuracy, and integrity of those records.

Because the National Data Base provides no administrative remedy, no statutory review mechanism, and no due-process procedures for correcting inaccurate or fraudulent entries, individuals retain a federal right to seek judicial review directly in federal court. Courts have long recognized that federal claims cannot be recharacterized as state matters simply because state officials contributed information.

In *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), the Supreme Court held that a plaintiff is the master of the complaint and that courts may not rewrite a federal claim into a state claim to alter jurisdiction. Likewise, *Verizon Maryland Inc. v. PSC*, 535 U.S. 635, 642 (2002), reaffirmed that federal courts have a "virtually unflagging obligation" to exercise jurisdiction over properly presented federal questions, and *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), made clear that federal courts may not abdicate that responsibility absent extraordinary circumstances.

No such circumstances exist here. The complaint raises federal statutory and constitutional issues concerning the accuracy and legality of federal systems of records, and those issues remain federal regardless of which state supplied the underlying data.

### National Practitioner Databank

The NPDB regulations in 45 C.F.R. Part 60 explicitly state that the database provides no administrative remedy, no due-process procedure, and no internal mechanism for correcting inaccurate information. When a

federal system of records offers no statutory review process, the federal courts become the only forum capable of providing relief, and individuals have a federal right to seek judicial correction of inaccurate entries that adversely affect their financial, professional, and reputational interests.

The duty to maintain accurate records rests with the federal government, even when the data originates from state officials, because once the information is incorporated into a federal repository, it becomes subject to federal statutory obligations under the Privacy Act and the APA.

The NPDB regulations in **45 C.F.R. Part 60** expressly state that the database does **not** provide any administrative review mechanism, due-process procedure, or internal corrective process for individuals who are harmed by inaccurate or misleading information. Because the NPDB offers no statutory avenue to challenge or correct erroneous entries, individuals must turn to the **federal courts,** which retain the responsibility to ensure that federal systems of records comply with federal law and constitutional due-process requirements.

The duty to maintain accurate records rests with the federal government, even when the underlying data was supplied by state officials, because once information enters a federal repository it becomes part of a **federal system of records** governed by federal statutes such as the Privacy Act and the APA. The nationwide nature of the NPDB means that its legal obligations are uniform across all states, and the accuracy of its records is a matter of federal—not state—law.

The magistrate judge's opinion does not align with these principles. By treating the matter as if it were a state-based dispute tied to Pennsylvania, the order disregards the fact that the NPDB is a federal system with nationwide reach and federal statutory duties. The opinion appears to assume the existence of a dispositive state-law mechanism or state-level responsibility that does not exist, effectively denying the federal nature of the claims without any allegation in the complaint supporting such a reframing.

Federal courts have repeatedly held that they cannot avoid or recharacterize federal questions when properly presented. In *Verizon Maryland Inc. v. PSC*, 535 U.S. 635, 642 (2002), the Supreme Court emphasized that federal courts have a "virtually unflagging obligation" to exercise jurisdiction over federal claims. Likewise, *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976), makes clear that federal courts may not abdicate jurisdiction except in the most extraordinary circumstances, none of which are present here.

Because the NPDB provides no administrative remedy and because the complaint challenges the accuracy and legality of a federal system of records, the responsibility to review and correct the record lies squarely with the federal judiciary. The magistrate judge's reframing of the case as a Pennsylvania-based matter is inconsistent with the federal statutory framework, the nationwide character of the NPDB, and the constitutional requirement that individuals have access to a federal forum when federal systems of records contain inaccurate or harmful information.

**CONCLUSION:**

The opinion and order issued by the magistrate judge recast a federal records-accuracy challenge into a state-based dispute and attempted to redistribute the matter to Pennsylvania despite the absence of any federal authorization for a venue change in cases involving challenges to the federal systems of records.

The NPDB is governed by federal law, operates nationwide, and provides no administrative or due-process mechanism under 45 C.F.R. Part 60 for correcting inaccurate information, leaving the federal courts as the only lawful forum for review. By reframing the complaint as a state matter and directing it toward Pennsylvania, the magistrate judge departed from the controlling federal statutory framework, misconstrued the nature of the claims, and acted outside the bounds of permissible discretion.

This mischaracterization has the practical effect of denying the plaintiff a meaningful opportunity to be heard on federal questions that directly affect her financial and professional well-being. Because the opinion reflects a fundamental misunderstanding of the federal issues presented and an improper attempt to relocate a matter that is not geographically anchored, the plaintiff respectfully requests reassignment to a different magistrate judge to ensure impartial consideration of the federal claims and to preserve the integrity of the judicial process.

Respectfully submitted,

/s/
Maketa S Jolly

**CERTIFICATE OF SERVICE**

I hereby certify that on this 03 day of March,2026, I
served a true and correct copy of the foregoing filing
upon the following party by depositing it in the United
States Mail, first-class postage prepaid, addressed as
follows:

National Practitioner Data Bank (NPDB)
U.S. Department of Health and Human Services
Health Resources and Services Administration
5600 Fishers Lane
Rockville, MD 20857

Service was also made upon the United States Attorney
for the District of Oregon pursuant to Fed. R. Civ. P.
5 and Fed. R. Civ. P. 4(i):

United States Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

And upon the Attorney General of the United States:

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

I declare under penalty of perjury that the foregoing
is true and correct.

Dr. Maketa S Jolly
Plaintiff, Pro Se
mjolly@jollyeducationconsultant.com
484.442.0104