IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MAKETA S. JOLLY, | Case No. 3:26-cv-00390-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

The Court DENIES Plaintiff Maketa Jolly's ("Plaintiff") informal motion for reconsideration of the Court's order transferring this action to the U.S. District Court for the Eastern District of Pennsylvania.[1]

Plaintiff represents that she resides in King of Prussia, Pennsylvania, which is located in the Eastern District of Pennsylvania. (*See* Compl. at 4, 29, ECF No. 3, stating that Plaintiff is "an

---

[1] Plaintiff emailed her motion for reconsideration to the Court's courtroom deputy. The Court makes an exception for and therefore addresses Plaintiff's motion for reconsideration but going forward, the Court will adhere to its previous order that "any further filings in the District of Oregon related to this case will be disregarded." (Op. & Order at 3, ECF No. 7.)

PAGE 1 – OPINION AND ORDER

individual residing in the Commonwealth of Pennsylvania," and "King of Prussia, PA"); *cf.* *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1188 n.2 (S.D. Cal. 2007) ("King of Prussia and Montgomery County are within the boundaries of the federal Eastern District of Pennsylvania."). Plaintiff nevertheless argues that venue is proper in the District of Oregon under 28 U.S.C. § 1391(e)(1), because in addition to suing the State of New Jersey, Commonwealth of Pennsylvania, National Practitioner Data Bank, and U.S. Department of Health and Human Services ("HHS"), she also sues the Secretary of HHS, Robert F. Kennedy, Jr., in his official capacity. Not so.

Plaintiff's complaint does not reflect that any real property is involved here. Nor does it reflect that Plaintiff names an Oregon defendant or that any part of the events or omissions giving rise to Plaintiff's claims occurred in the District of Oregon. Thus, unlike the District of Oregon, the Eastern District of Pennsylvania is a district in which Plaintiff could have filed her lawsuit. *See* 28 U.S.C. § 1391(e)(1) ("A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."); *cf.* *California v. Azar*, 911 F.3d 558, 569 (9th Cir. 2018) ("A civil action against an officer of the United States in his or her official capacity may 'be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action.' There is no real property involved here. The inquiry thus turns

PAGE 2 – OPINION AND ORDER

on which judicial district[] . . . [a plaintiff] is considered to reside." (quoting 28 U.S.C. § 1391(e)(1))).

For these reasons, the Court's DENIES Plaintiff's motion for reconsideration of the Court's transfer order.

**IT IS SO ORDERED.**

DATED this 3rd day of March, 2026.

                                             HON. STACIE F. BECKERMAN
                                             United States Magistrate Judge